FILED _____ ENTERED
LOGGED _____ RECEIVED
SEP 20 2017
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

Plaintiff,

v.   Crim. Case No. 1:17-po-07545-SAG

JAMES K. BROOKS

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

On June 30, 2017, James K. Brooks ("Defendant") was charged by citation with violating 39 C.F.R. § 232.1(k)(5), "[p]arking without authority, parking in unauthorized locations or in locations reserved for other persons . . . " on postal property. A trial was held on Tuesday, September 12, 2017. Defendant represented himself.

### FACTUAL BACKGROUND:

Officer Shannon Curry, ID #8517, an employee of the United States Postal Service, testified on direct examination that on the afternoon of June 30, 2017, she observed Defendant's vehicle "parked in a handicapped spot" during business hours at the United States Post Office, at 900 E. Fayette Street in Baltimore, Maryland. Upon making contact with Defendant and confirming that his vehicle occupied the restricted parking spot, Officer Curry inquired whether Defendant possessed an accessible parking permit. Defendant responded "no." The parking spot that Officer Curry observed Defendant's vehicle occupying was clearly marked with "handicap signage." Defendant admitted to Officer Curry that he was aware he was parked in a restricted location. Upon acquiring the aforementioned information, Officer Curry issued Defendant a

1

citation for violating 39 C.F.R. § 232.1(k)(5), "[p]arking without authority, parking in unauthorized locations or in locations reserved for other persons . . ." on postal property.

On cross examination, Officer Curry testified that while she was not "exactly" positive what the sign read, the sign nonetheless contained "handicap signage that is the standard handicap signage all over the United States."

Defendant testified that the sign did not contain "no parking" language, but stated "reserved parking," and the sign did not provide any language regarding the potential for a fine. Defendant shared a photograph of the sign, which read "RESERVED PARKING" directly above a standard wheelchair symbol. See Exhibit No. 1. On cross examination, Defendant again stated that the sign included no penalty language "that a State [is] required to have . . . ." Defendant conceded that the sign had a picture of a person in a wheelchair.

## LEGAL STANDARDS:

United States Postal Service property constitutes federal property, and is thus subject to federal law and regulations. Specifically, subsection k(5) of 39 C.F.R. § 232.1 (Conduct on postal property) provides that on postal property "[p]arking without authority, parking in unauthorized locations or in locations reserved for other persons . . ." is prohibited.

Importantly, "[c]onsistent with the Supremacy Clause, the USPS and other federal agencies need not" comply with each state law and/or regulation because "[l]ocal and state laws do not trump federal laws" and regulations. *Bonidy v. U.S. Postal Serv.*, 790 F.3d 1121, 1127 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1486, 194 L. Ed. 2d 550 (2016) (upholding USPS's regulation prohibiting the carrying of firearms on USPS property despite the local State's permissive open carry law). The *Bonidy* Court stated: "the USPS is not required to tailor its [] regulations . . . or to craft different rules for each of its more than 31,000 post offices, or to

fashion one set of rules for its parking lots and another for its buildings and perhaps another for the steps leading up to the building." *Id.* at 1127.

"Standards issued under the Architectural Barriers Act (ABA)" provide building accessibility requirements for federal and federally-funded facilities.[1] ABA Standard "502.6 Identification" provides that, to satisfy the minimum signage requirements for accessible parking spaces, a parking space must only "include the International Symbol of Accessibility." 36 C.F.R. § Pt. 1191, App. D. ABA Standard "703.7.2.1 International Symbol of Accessibility" confirms that the international symbol of accessibility is an image of an individual seated in a rightward facing wheelchair. *Id.*

Contrary to federal law, Maryland law requires that "[a] new sign posted after October 1, 2002, that designates a parking space or zone for the use of individuals with disabilities shall be identified with a supplemental 'Maximum Fine' sign in conformance with the requirements for uniform traffic control devices under [Md.] Transportation Article, §25-104, Annotated Code of Maryland." Md. Code Regs. 05.02.02.07(d)(6) (2017).

**ANALYSIS:**

Defendant argues that he is not guilty of violating the regulation because the signage surrounding the parking space lacked specific language indicating either: (a) the potential maximum fine that could be imposed; or (b) the words "no parking." While Defendant may have prevailed if the case were governed by Maryland law (requiring "Maximum Fine" language on signs posted after 2002), Defendant was cited on federal property. Pursuant to federal law, USPS accessible parking spaces require that signage only "shall include the International Symbol

---

[1] United States Access Board, ABOUT THE ABA STANDARDS, https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-aba-standards. The USPS adopted the ABA standards which "are substantively the same and replace the earlier Uniform Federal Accessibility Standards [UFAS]." *Id.* See also 39 C.F.R. § 254.1, titled: "§ 2541 Adoption of U.S. Access Board Standards as Postal Service Standards of Facility Accessibility."

3

of Accessibility." 36 C.F.R. § Pt. 1191, App. D. It is undisputed that the parking spot that Defendant's vehicle occupied contained the "symbol of accessibility" – Officer Curry testified that the parking spot contained "handicap signage that is the standard handicap signage all over the United States." Defendant's arguments hinge not on the absence of the symbol of accessibility, but on the failure of the sign to provide additional language. Because Defendant was on federal property and the accessible parking space in question complied with federal regulations, Defendant is guilty of violating 39 C.F.R. § 232.1(k)(5).

**SENTENCING:**

Because this is a collateral matter, Defendant could have paid a $140 fine and $30 processing fee, for a total of $170.00, in lieu of appearing in court. Now that there is a finding of guilt, Defendant is entitled to a sentencing proceeding to determine the appropriate sentence. However, this Court is mindful that an additional in-person appearance might be burdensome for Defendant. Accordingly, on or before October 4, 2017, Defendant must contact Cornel Lunkin at cornel_lunkin@mdd.uscourts.gov or 410-962-3832 and advise whether: (1) he would like to schedule a sentencing proceeding or (2) he would prefer to pay the original amount due of $170.00, plus a $5.00 special assessment / court costs, for a total of $175.00. If Defendant opts to make payment, Mr. Lunkin can provide the payment information.

Dated: September 20, 2017

/s/
Stephanie A. Gallagher
United States Magistrate Judge

